LINDA M. MORONEY (SBN: 172668)
lmoroney@grsm.com
MATTHEW J. WAYNE (SBN: 283897)
mwayne@grsm.com
ZULMA A. MUNOZ (SBN: 325531)
zmunoz@grsm.com
**GORDON REES SCULLY MANSUKHANI, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:  (415) 875-4242
Facsimile:   (415) 986-8054

*Attorneys for Defendant*
ARBOR LODGING PARTNERS, LLC

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELENA AVILA,<br><br>                    Plaintiff,<br><br>      vs.<br><br>ARBOR LODGING PARTNERS, LLC, a Illinois limited liability company, and DOES 1 through 20, inclusive,<br><br>                    Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION BY DEFENDANTS UNDER 28 U.S.C. § 1441(B)**<br><br>**(DIVERSITY)**<br><br>Complaint filed July 27, 2022 in Fresno County Superior Court,<br>Case No. 22CECG02263 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that ARBOR LODGING PARTNERS, LLC ("ALP" or "Defendant") hereby remove to this Court the state court action described below.

**THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

1.     On July 27, 2022, this action was commenced in the Superior Court of the State of California, Fresno County, entitled *Elena Avila v. Arbor Lodging Partners, LLC,* Case No.

22CECG02263 (hereinafter "the Action"), alleging various violations of the California Labor Code.  A copy of the Complaint is attached hereto as **Exhibit A**.

2.    On July 29, 2022, Defendant was personally served with a copy of the Complaint. On April 9, 2022, service was effectuated as to Carlisle Companies, Inc. by way of substituted service.

3.    Following service, on August 22, 2022, Defendant filed its responsive pleadings in the Action.  A copy of the Answer is attached hereto as **Exhibit B**.

4.    Pursuant to 28 U.S.C. section 1446(b), this Notice of Removal is timely filed within 30 days from the date on which Defendant received the complaint.

5.    This action is a civil action of which this Court has jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  The complaint alleges that Defendant violated numerous California Labor Code provisions, including: failure to pay minimum wages, overtime, meal periods, rest breaks, and sick time; failure to provide accurate itemized wage statements, including premium pay for missed rest and meal periods; failure to maintain accurate payroll records; and waiting time penalties for withholding final paychecks. The complaint further alleges that Defendant failed to pay all wages and benefits immediately upon termination, and that it failed to abide by the California Labor Code regarding rest and meal breaks. The complaint alleges that Defendant failed to pay Plaintiff missed rest and meal periods in violation of the California Industrial Welfare Commission ("IWC"), Order No. 5-2001, for employers working in the public housekeeping industry in the State of California.

6.    Complete diversity of citizenship exists in that:  Plaintiff is a citizen of the state of California; and ALP is an Illinois limited liability company entity.  For purposes of diversity jurisdiction, a limited liability company is a citizen of every state of which its owners or members are citizens.  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  A corporation shall be deemed citizen of any state by which it has been incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Here, ALP's citizenship is determined by the citizenship of the corporation that owns it and

2    ALP is incorporated in Illinois.

3         7.    Removal to the United States District Court for the Eastern District of California

4    is appropriate because the removed state court action was filed in the Superior Court of

5    California, County of Fresno.

6         8.    Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal, without

7    exhibits, will be promptly served on Plaintiff's counsel.

8         9.    A copy of this Notice of Removal, without exhibits, will also be filed with the

9    Clerk of the Superior Court of California, County of Fresno.

10

11   Dated:  August 29, 2022              GORDON REES SCULLY MANSUKHANI, LLP

12

13                                       By: _____

14                                           LINDA M. MORONEY
                                             MATTHEW J. WAYNE
15                                           ZULMA A. MUNOZ
                                             *Attorneys for Defendant*
16                                           ARBOR LODGING PARTNERS, LLC

17

18

19

20

21

22

23

24

25

26

27

28

*Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111*

-3-

# **Exhibit A**

1 | **SHELLEY G. BRYANT - #222925**
**BRYANT WHITTEN, LLP**
2 | 8050 North Palm Avenue, Suite 210
Fresno, California 93711
3 | (559) 494-4910 Telephone
(559) 421-0369 Facsimile
4 | Email: shelley@bwlaw.com

E-FILED
7/27/2022 11:31 AM
Superior Court of California
County of Fresno
By: I. Herrera, Deputy

5

6 | Attorneys for Plaintiff, ELENA AVILA

7

8 | SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO

9

10 | ELENA AVILA,                                     )    Case No. 22CECG02263
                                                     )
11 |            Plaintiff,                            )    **COMPLAINT FOR SEX**
                                                     )    **(PREGNANCY) DISCRIMINATION,**
12 | vs.                                             )    **SEX HARASSMENT, RETALIATION,**
                                                     )    **FAILURE TO PREVENT**
13 | ARBOR LODGING PARTNERS, LLC, a                  )    **DISCRIMINATION IN VIOLATION**
Illinois limited liability company, and Does 1      )    **OF THE FAIR EMPLOYMENT AND**
14 | through 20, inclusive,                          )    **HOUSING ACT, VIOLATION OF**
                                                     )    **GOVERNMENT CODE §12945 AND 2**
15 |            Defendants.                          )    **C.C.R. §11039, WRONGFUL**
                                                     )    **CONSTRUCTIVE TERMINATION IN**
16 | _____ )    **VIOLATION OF PUBLIC POLICY,**
                                                          **MISSED REST PERIODS, UNPAID**
17 |                                                       **WAGES, PUNITIVE DAMAGES AND**
                                                          **ATTORNEYS' FEES**
18

19 |                                                       **REQUEST FOR JURY TRIAL**

20 | COMES NOW, Plaintiff, ELENA AVILA, and alleges as follows:

21 | <u>**GENERAL ALLEGATIONS**</u>

22 |         1.      Plaintiff, ELENA AVILA (hereinafter referred to as "Plaintiff"), is an adult female

23 | residing in Fresno County, California, and was an employee of Defendant, ARBOR LODGING

24 | PARTNERS, LLC, doing business as Piccadilly Inn (Fresno Airport) and Blue Hospitality,

25 | commencing employment on or about November 26, 2021, until on or about June 11, 2022, when she

26 | was wrongfully constructively discharged.

27 |         2.      Defendant, ARBOR LODGING PARTNERS, LLC, doing business as Piccadilly Inn

28 | (Fresno Airport) and Blue Hospitality (hereinafter referred to as "Employer"), is a Illinois limited

---

**PLAINTIFF'S COMPLAINT**                                                                      Page 1

1    liability company doing business in Fresno County, California.

2        3.    The true names and capacities of the defendants named herein as Does 1 through 20,

3    inclusive, whether individual, corporate, associate or otherwise, are unknown to the Plaintiff who,

4    therefore, sues such defendants by fictitious names pursuant to California Code of Civil Procedure

5    §474. Plaintiff is informed and believes, and on that basis alleges that each defendant sued under such

6    fictitious name is in some manner responsible for the wrongs and the damages as alleged below, and

7    in so acting was functioning as the owner, shareholder, agent, servant, partner, joint venturer, alter-

8    ego, employee, proxy, managing agent, and principal of the co-defendants, and in doing the actions

9    mentioned below was acting, at least in part, within the course and scope of their authority as such

10   agent, servant, proxy, partner, joint venturer, employee, alter-ego, managing agent, and principal with

11   the permission and consent of the co-defendants.

12       4.    Plaintiff is informed and believes, and thereupon alleges, that each of the defendants

13   sued herein was, at all times relevant hereto, the employer, owner, shareholder, principal, joint

14   venturer, proxy, agent, employee, supervisor, representative, manager, managing agent, joint employer

15   and/or alter-ego of the remaining defendants, and was acting, at least in part, within the course and

16   scope of such employment and agency, with the express and implied permission, consent and

17   knowledge, approval and/or ratification of the other defendants.  The above co-defendants and

18   managing agents and supervisors aided, abetted, condoned, permitted, wilfully ignored, approved,

19   authorized and/or ratified the unlawful acts described herein.

20       5.    Venue is proper in Fresno county because: (1) the employment relationship between

21   Plaintiff and Defendant, Employer, arose and was performed here; (2) the injuries alleged herein

22   occurred here; (3) the unlawful discriminatory practices alleged were committed here; (4) the records

23   relevant to the unlawful discriminatory practices were maintained and administered here; and (5)

24   Plaintiff would have worked here but for the alleged unlawful discriminatory practices.  This court

25   is the proper court because the amount at issue exceeds the jurisdictional minimum of this court.

26       6.    At all times herein, Plaintiff was duly qualified and did perform her employment duties

27   in a satisfactory manner.  Plaintiff performed and was willing to continue to perform all duties and

28   responsibilities on her part to be performed, which duties and responsibilities were part of the

---

**PLAINTIFF'S COMPLAINT**                                                                  Page 2

1  employment relationship between Defendant, Employer, and Plaintiff.

2      7.    Plaintiff was at all times an employee covered by Government Code §12940

3  prohibiting discrimination in employment on the basis of gender and pregnancy and was therefore a

4  member of the group sought to be protected by this statute.

5      8.    Defendant, Employer, was an employer within the meaning of the California

6  Government Code §12926(d) and, as such, was and is barred from unlawfully discriminating in

7  employment decisions including retaliating against an employee on the bases set forth in Government

8  Code §§12920 et seq.

9      9.    As an employee of Defendant, Employer, Plaintiff was entitled to all of the benefits

10 provided by Employer's personnel policies, procedures and practices, and, as well, those confirmed

11 in the by-laws governing said organization.

12     10.   Plaintiff was employed by Defendant, Employer, as a Front Desk Agent.   She

13 performed her job duties satisfactorily and was not subject to discipline based on her job performance.

14 Plaintiff told her supervisor about her pregnancy and the need for additional restroom breaks, sitting

15 and routine pregnancy accommodations.

16     11.   Plaintiff was subjected to inappropriate and offensive conduct of a sexual nature by the

17 night security guard at work.  She complained to General Manager Stephanie Logan, but nothing was

18 done.

19     11.   In January 2022, Plaintiff exercised her right to pregnancy disability leave.  She was

20 off work for approximately 6 weeks and delivered a healthy baby.  GM Logan was aware of this

21 protected activity.

22     12.   In March 2022, Plaintiff was ready to return to work but GM Logan refused to reinstate

23 her to the same position, or even a comparable position as required by law. (Cal. Code Regs., tit. 2,

24 § 11043.)

25     13.   Plaintiff complained to GM Logan about the refusal to reinstate her to the same

26 position. GM Logan and Defendant, Employer, failed to investigate or take any corrective action. As

27 a result of this unlawful conduct, Plaintiff has suffered lost wages and emotional distress.

28 / / /

**PLAINTIFF'S COMPLAINT**                                                    Page 3

14.     After Plaintiff complained, GM Logan subjected her to adverse treatment.    The protected activity was a motivating reason for the treatment.

15.     In late May 2022, Plaintiff complained to GM Logan again about inappropriate and offensive conduct of a sexual nature by the night security guard at work.  GM Logan got angry at Plaintiff but still did nothing.  Plaintiff got contacted Human Resources and was ordered to participate in a phone conference with GM Logan and HR Director Nancy De Los Santos.  During the call, Plaintiff told HR Dir. De Los Santos that GM Logan failed to take action on her harassment complaint.  HR Dir. De Los Santos defended the failure to take action and GM Logan retaliated by immediately attacking Plaintiff verbally.  GM Logan started yelling at Plaintiff who complained about this to HR Dir. De Los Santos and GM Logan.  HR Dir. De Los Santos did nothing and allowed it to continue.  They said things to Plaintiff to make her feel bad for complaining.  They made it clear that they did not take her complaints seriously and no investigation would be done by an unbiased professional.  Plaintiff was completely shocked and distressed by the verbal attack on her by GM Logan and HR Dir. De Los Santos' failure to stop it.

16.     Under these circumstances, Plaintiff was subjected to working conditions that violated public policy.  The process for complaining about harassment, discrimination and retaliation was not helpful and just made matter worse.  Plaintiff feared termination, further attack and continued harassment and retaliation if she continued working.  She did not expect that the complaint process would change or improve her working conditions.  GM Logan and HR Dir. De Los Santos intentionally created or knowingly permitted these working conditions that were intolerable.  A reasonable person in Plaintiff's position would have no choice except to resign.  Plaintiff resigned because of these conditions and her resignation made GM Logan and HR Dir. De Los Santos stop their attack and Plaintiff left the area right away.

17.     The conduct of Defendant, Employer, violated the Fair Employment and Housing Act.  Plaintiff filed a charge of discrimination with the Department of Fair Employment and Housing ("DFEH") against Defendant, Employer, complaining of the acts of discrimination as alleged therein.  Plaintiff received a"Right to Sue Letter" from the DFEH dated July 8, 2022, a true and correct copy of which is attached hereto as **Exhibit "A"** and incorporated by reference.  Plaintiff has complied with

1    all prerequisites to jurisdiction of this Court under California Government Code §§12900, et seq., and

2    has, therefore, exhausted her administrative remedies.

3        18.    As a direct and proximate result of Defendant's acts of discrimination, Plaintiff has

4    suffered and continues to suffer substantial economic losses and interest thereon, in earnings and other

5    employment benefits which Plaintiff would have received. She has suffered and continues to suffer

6    both physical and non-physical injuries, including severe emotional distress, humiliation,

7    embarrassment and mental anguish all to her damage in an amount according to proof.

8        19.    In doing the acts and/or failing to do the acts alleged herein above, Defendant engaged

9    in discriminatory acts and conduct with malice towards Plaintiff and/or a reckless indifference to her

10   statutorily protected rights and in conscious disregard of the rights, both statutory and common law,

11   guaranteed Plaintiff by the State of California. As such, Defendant is guilty of oppression and malice

12   for which Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

13       20.    Code of Civil Procedure §1021 provides that attorneys' fees are recoverable in an

14   action for which they are specifically provided by statute. Government Code §12965(b) provides that

15   reasonable attorneys' fees and costs are recoverable herein by the prevailing party, within the

16   discretion of the Court. Plaintiff has retained an attorney for the prosecution of this action. As a

17   result, Plaintiff is entitled to her reasonable attorneys' fees and costs herein incurred.

18
                                **FIRST CAUSE OF ACTION**
                          **Discrimination and Harassment on the Basis of Sex**
19                      **And Retaliation In Violation of Government Code §12940**

20       21.    The allegations of paragraphs 1 through 20 are re-alleged and incorporated herein by

21   reference.

22       22.    California Government Code §12940 provides in pertinent part as follows:

23            "It shall be an unlawful employment practice . . .

24
              (a)    For an employer, because of the . . . sex . . . of any person . . .
25            to discriminate against the person in compensation or in terms,
              conditions or privileges of employment.
26

27            California Government Code §12926 provides in pertinent part as follows:

28            "(p)    'Sex' includes, but is not limited to, pregnancy ...."

---

**PLAINTIFF'S COMPLAINT**                                                          Page 5

23.    Plaintiff was subjected to sex harassment by a coworker. Plaintiff complained about this to her manager and HR. Defendant, Employer, discriminated against Plaintiff on the basis of her sex and her pregnancy. GM Logan and HR Dir. De Los Santos intentionally created or knowingly permitted intolerable working conditions that violated public policy by, among other things, failing to take corrective action upon learning o the harassment and constructively terminating Plaintiff's employment. A reasonable person in Plaintiff's position would have no choice except to resign. Plaintiff resigned because of these conditions and her resignation made GM Logan and HR Dir. De Los Santos stop their attack on Plaintiff who left the area right away.

24.    As a direct and proximate result of Defendant's acts of discrimination, Plaintiff has suffered and continues to suffer substantial economic losses and interest thereon, in earnings and other employment benefits which Plaintiff would have received. She has suffered and continues to suffer both physical and non-physical injuries, including severe emotional distress, humiliation, embarrassment and mental anguish all to her damage in an amount according to proof.

25.    In doing the acts and/or failing to do the acts alleged herein above, Defendant engaged in discriminatory acts and conduct with malice towards Plaintiff and/or a reckless indifference to her statutorily protected rights and in conscious disregard of the rights, both statutory and common law, guaranteed Plaintiff by the State of California. As such, Defendant is guilty of oppression and malice for which Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

26.    Code of Civil Procedure §1021 provides that attorneys' fees are recoverable in an action for which they are specifically provided by statute. Government Code §12965(b) provides that reasonable attorneys' fees and costs are recoverable herein by the prevailing party, within the discretion of the Court. Plaintiff has retained an attorney for the prosecution of this action. As a result, Plaintiff is entitled to her reasonable attorneys' fees and costs herein incurred.

**SECOND CAUSE OF ACTION**
**Failure to Prevent Discrimination and**
**Discrimination Based on Sex (Pregnancy)**
**in Violation of Government Code §12940**

27.    The allegations of paragraphs 1 through 26 are re-alleged and incorporated herein by reference.

28.    The California Government Code provides at Section 12940, in pertinent part:

"It shall be an unlawful employment practice . . . (a) For an employer, because of the... sex... of any person . . . to discharge the person from employment... or to discriminate against the person in compensation or in terms, conditions or privileges or employment. . . . [¶] . . . (k) For an employer . . . to fail to take all reasonable steps necessary to prevent discrimination ... from occurring."

29.    Defendant, Employer, discriminated against Plaintiff because of her pregnancy which they believed would cause her to take pregnancy disability leave for the birth of her child.

30.    The behavior, conduct and comments by Defendant, Employer, and its agents, representatives, and employees, created a work environment that was intimidating, hostile, oppressive and offensive to Plaintiff such that she was deprived of the benefit of a discrimination-free work environment, all in violation of California Government Code §§12900, et seq. Such conduct included, but was not limited to, terminating Plaintiff's employment.

31.    Defendant, Employer, who should have known about the discriminatory conduct of its agents, failed to prevent discrimination and failed to halt the offending conduct.

32.    As a direct and proximate result of Defendant's acts of discrimination, Plaintiff has suffered and continues to suffer substantial economic losses and interest thereon, in earnings and other employment benefits which Plaintiff would have received. She has suffered and continues to suffer both physical and non-physical injuries, including severe emotional distress, humiliation, embarrassment and mental anguish all to her damage in an amount according to proof.

33.    In doing the acts and/or failing to do the acts alleged herein above, Defendant engaged in discriminatory acts and conduct with malice towards Plaintiff and/or a reckless indifference to her statutorily protected rights and in conscious disregard of the rights, both statutory and common law, guaranteed Plaintiff by the State of California. As such, Defendant is guilty of oppression and malice for which Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

34.    Code of Civil Procedure §1021 provides that attorneys' fees are recoverable in an action for which they are specifically provided by statute. Government Code §12965(b) provides that reasonable attorneys' fees and costs are recoverable herein by the prevailing party, within the discretion of the Court. Plaintiff has retained an attorney for the prosecution of this action. As a

1   result, Plaintiff is entitled to her reasonable attorneys' fees and costs herein incurred.

2                              **THIRD CAUSE OF ACTION**
          **Violation of Government Code §12945 and 2 C.C.R. §11039 and 11094**

3

4       35.    The allegations of paragraphs 1 through 34 are re-alleged and incorporated herein by

5   reference.

6       36.    California Government Code §12945(a) provides in pertinent part as follows:

7              "[T]he following shall be an unlawful employment practice . . .:

8

9              (1)    For an employer to refuse to allow an employee disabled by pregnancy [or] childbirth... to take leave for a reasonable period of time...."

10

11              The California Administrative Code, Title 2, §11094 states, in part:

12              "In addition to the retaliation prohibited by Government Code section 12940 and section 11021 of the [California Code of] regulations, it shall be an unlawful employment practice for any person to discharge,

13              fine, suspend, expel, punish, refuse to hire, or otherwise discriminate against any individual . . . because that individual has ... (a) exercised

14              his or her right to CFRA leave . . . ."

15       37.    The California Administrative Code, Title 2, §11039(a) states, in part:

16              "(1) [I]t is unlawful for any employer to . . . deny, interfere with, or restrain an employee's rights to reasonable accommodation... including

17              retaliation against the employee because she has exercised her right ... to take pregnancy disability leave."

18

19       38.    Defendant, Employer, constructively discharged Plaintiff from her employment because

20   she exercised her right to take pregnancy leave.

21       39.    As a direct and proximate result of the Defendant's acts of retaliation, Plaintiff has

22   suffered and continues to suffer substantial economic losses and interest thereon, in earnings and other

23   employment benefits which Plaintiff would have received. She has suffered and continues to suffer

24   both physical and non-physical injuries, including severe emotional distress, humiliation,

25   embarrassment and mental anguish all to her damage in an amount according to proof. Plaintiff is also

26   entitled to her reasonable attorneys' fees and costs herein incurred.

27   / / /

28   / / /

---

**FOURTH CAUSE OF ACTION**
**Failure to Reinstate After Pregnancy-Related Medical Leave**
**in Violation of Government Code §12945.2(a) and 2 C.C.R. §11043**

40.    The allegations of paragraphs 1 through 39 are re-alleged and incorporated herein by reference.

41.    The California Government Code provides at Section 12945.2(a), in pertinent part:

> "[I]t shall be an unlawful employment practice for any employer... to refuse to grant a request by any employee with more than 12 months of service with the employer, and who has at least 1,250 hours of service with the employer during the previous 12-month period, to take up to a total of 12 workweeks in any 12-month period for family care and medical leave. Family care and medical leave requested pursuant to this subdivision shall not be deemed to have been granted unless the employer provides the employee...a guarantee of employment in the same or comparable position upon termination of the leave."

42.    The California Code of Regulations provides at Title 2, Section 11043, that it is unlawful for an employer to refuse to reinstate an employee who has exercised her right to take pregnancy disability leave to the same or comparable position when she returns from leave.

43.    Plaintiff took leave due to pregnancy and childbirth which was approved by Defendant, Employer. Defendant, Employer, refused to reinstate Plaintiff to the same or comparable position when she returned from leave.

44.    As a direct and proximate result of Defendant's acts of discrimination, Plaintiff has suffered and continues to suffer substantial economic losses and interest thereon, in earnings and other employment benefits which Plaintiff would have received. She has suffered and continues to suffer both physical and non-physical injuries, including severe emotional distress, humiliation, embarrassment and mental anguish all to her damage in an amount according to proof.

45.    In doing the acts and/or failing to do the acts alleged herein above, Defendant engaged in discriminatory acts and conduct with malice towards Plaintiff and/or a reckless indifference to her statutorily protected rights and in conscious disregard of the rights, both statutory and common law guaranteed Plaintiff by the State of California. As such, Defendant is guilty of oppression and malice for which Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

46.    Code of Civil Procedure §1021 provides that attorneys' fees are recoverable in an action for which they are specifically provided by statute. Government Code §12965 provides that

1   reasonable attorneys' fees and costs are recoverable herein by the prevailing party, within the

2   discretion of the court.  Plaintiff  has retained an attorney for the prosecution of this action.  As a

3   result, Plaintiff is entitled to his reasonable attorneys' fees and costs herein incurred.

4                              **FIFTH CAUSE OF ACTION**
                **Retaliation in Violation of Labor Code §§233 and 246.5**

5

6          47.     The allegations of paragraphs 1 through 46 are re-alleged and incorporated herein by

7   reference.

8          48.     Labor Code §§233 and 246.5 prohibit employers such as Defendant, Employer, from

9   discharging, discriminating against or retaliating against an employee for using sick leave to attend

10  to her own illness.  Plaintiff asked for and took time off work to care for her own pregnancy-related

11  illness.

12         49.     Defendant, Employer, retaliated against Plaintiff for requesting and taking time off

13  work due to her illness by subjecting her to adverse treatment and action, and constructively

14  terminating her employment.

15         50.     Plaintiff suffered physical, emotional and economic harm, which was proximately

16  caused by Defendant's wrongful conduct.

17         51.     In doing the acts and/or failing to do the acts alleged herein above, Defendant engaged

18  in retaliatory acts and conduct with malice towards Plaintiff and/or a reckless indifference to her

19  statutorily protected rights and in conscious disregard of the rights, both statutory and common law,

20  guaranteed Plaintiff by the State of California.  As such, Defendant is guilty of oppression and malice

21  for which Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

22         52.     Code of Civil Procedure §1021 provides that attorneys' fees are recoverable in an

23  action for which they are specifically provided by statute.  Labor Code §2699 provides that, in addition

24  to penalties, reasonable attorneys' fees and costs are recoverable herein by the prevailing party, within

25  the discretion of the Court.  Plaintiff will amend the Complaint to invoke this provision. Plaintiff has

26  retained an attorney for the prosecution of this action.  As a result, Plaintiff is entitled to her

27  reasonable attorneys' fees and costs herein incurred.

28  / / /

---

**PLAINTIFF'S COMPLAINT**                                                          Page 10

### SIXTH CAUSE OF ACTION
**Wrongful Termination in Violation of Public Policy**

53.    The allegations of paragraphs 1 through 52 are re-alleged and incorporated herein by reference.

54.    At all times mentioned in this Complaint, the California Fair Employment and Housing Act and California Administrative Code, Title 2, §11039 were in full force and effect and were binding on Defendant, Employer. These statutes required Defendant, Employer, to refrain from discriminating against an employee or discharging an employee on the basis of sex (pregnancy) or for taking pregnancy disability leave.

55.    Plaintiff is informed and believes that Defendant, Employer, discharged her because she was pregnant and because they believed that she would request and take time off work for the birth of her child.

56.    As a direct and proximate result of Defendant's wrongful termination of Plaintiff's employment, she has sustained, and continues to sustain, substantial losses of earnings, and other employment benefits.

57.    As a direct and proximate result of Defendant's wilful, knowing, and intentional discrimination against Plaintiff, she has suffered, and continues to suffer, humiliation, emotional distress, mental and physical pain and anguish, and the manifestations thereof, all to her damage in an amount to be proven at trial.

58.    Plaintiff has incurred, and continues to incur, legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of these expenses and fees, and prays leave of Court to amend this Complaint when the amounts are more fully known.

### SEVENTH CAUSE OF ACTION
**Failure to Pay Overtime and Missed /Rest Period Penalties**
**In Violation of Labor Code §§201, 510 and IWC Wage Order No. 5-2001**

59.    The allegations of paragraphs 1 through 58 are re-alleged and incorporated herein by reference.

60.    Industrial Welfare Commission ("IWC") Wage Order No. 5-2001 applied to Plaintiff at all times relevant herein. IWC Wage Order No. 5-2001 requires employers such as Defendant,

---

**PLAINTIFF'S COMPLAINT**                                                                 Page 11

1  Employer, to provide workers such as Plaintiff with an opportunity to take uninterrupted rest and meal

2  periods in the middle of each work period. The authorized rest period time was supposed to be based

3  on the total hours worked daily at the rate of ten (10) minutes net rest time per four(4) hours or major

4  fraction thereof. If Defendant, Employer, failed to provide employees a rest period in accordance with

5  the applicable provisions of law, the employer must pay the employee one (1) hour of pay at the

6  employee's regular rate of compensation for each work day that the rest period is not provided.

7      61.    Plaintiff was not provided with the opportunity to take uninterrupted rest periods and

8  she was not paid for missed rest periods.

9      62.    By failing to pay Plaintiff for missed rest periods, Defendant, Employer, violated IWC

10  Wage Order No. 5-2001 and Labor Code §510. Defendant, Employer, owes Plaintiff damages for lost

11  wages in an amount to be determined according to proof. Plaintiff is also entitled to an award of costs

12  and reasonable attorneys' fees.

13      63.    Code of Civil Procedure §1021 provides that attorneys' fees are recoverable in an

14  action for which they are specifically provided by statute. Labor Code §2699 provides that, in addition

15  to penalties, reasonable attorneys' fees and costs are recoverable herein by the prevailing party, within

16  the discretion of the Court.  Plaintiff has retained an attorney for the prosecution of this action.  As

17  a result, Plaintiff is entitled to her reasonable attorneys' fees and costs herein incurred.

18                          **EIGHTH CAUSE OF ACTION**
                   **Failure to Maintain and Provide Accurate Itemized**
19               **Wage Statements  in Violation of Labor Code §226**

20      64.    The allegations of paragraphs 1 through 63 are re-alleged and incorporated herein by

21  reference.

22      65.    Pursuant to Labor Code §§226 and 1174, employers, including Defendant, Employer,,

23  are required to keep written daily records of each employee's hours of work and to maintain such

24  records for at least three (3) years; and to provide to each employee with periodic wage statements in

25  writing setting forth, among other things: 1) the dates of labor for which payment of wages is made,

26  2) the total hours of work for the pay period; 3) the payment of a wage premium for breaks and meal

27  periods not taken; 4) the gross and net wages paid, all deductions from those wages; and 5) the name

28  and address of the employer.

66.     Defendant, Employer, knowingly and intentionally failed to provide Plaintiff with accurate itemized wage statements in writing showing all the hours worked in the pay period and the amount of premium pay due, including premium pay for missed rest periods.

67.     As a result of Defendant's knowing failure to comply with Labor Code §226(a), pursuant to Labor Code §226(e), Plaintiff is entitled to recover the greater of all actual damages or fifty dollars ($50) per employee for the initial pay periods in which a violation occurred, and one hundred dollars ($100) per employee for each violation in each subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000) per employee, and is entitled to an award of costs and reasonable attorneys' fees.

## NINTH CAUSE OF ACTION
### Waiting Time Penalties Pursuant to Labor Code §203

68.     The allegations of paragraphs 1 through 67 are re-alleged and incorporated herein by reference.

69.     Pursuant to California Labor Code §201, Defendant, Employer, was required to pay all the wages due to Plaintiff immediately upon termination.

70.     When Plaintiff was terminated Defendant, Employer, failed to pay her all the wages due to her, including missed rest periods.

71.     Pursuant to Labor Code §203, Plaintiff is entitled to waiting time penalties and civil penalties in an amount to be determined according to proof.

## TENTH CAUSE OF ACTION
### Retaliation in Violation of Labor Code §98.6

72.     The allegations of paragraphs 1 through 72 are re-alleged and incorporated herein by reference.

73.     California Labor Code §98.6 prohibits employers such as Defendant, Employer, from discriminating and retaliating against employees such as Plaintiff who complain about an employer that disregards employees' rights under the Labor Code.

74.     Plaintiff complained to Defendant, Employer, about the violations and failure to abide by the Labor Code regarding rest periods.  In retaliation, Defendant, Employer, terminated Plaintiff's

1  employment.

2      75.    Plaintiff suffered physical, emotional and economic harm, which was proximately

3  caused by Defendant, Employer's wrongful conduct.

4      76.    In doing the acts and/or failing to do the acts alleged herein above, Defendant engaged

5  in retaliatory acts and conduct with malice towards Plaintiff and/or a reckless indifference to her

6  statutorily protected rights and in conscious disregard of the rights, both statutory and common law,

7  guaranteed Plaintiff by the State of California. As such, Defendant is guilty of oppression and malice

8  for which Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

9      77.    California Code of Civil Procedure §1021 provides that attorneys' fees are recoverable

10  in an action for which they are specifically provided by statute. California Labor Code §2699 provides

11  that, in addition to penalties, reasonable attorneys' fees and costs are recoverable herein by the

12  prevailing party, within the discretion of the Court. Plaintiff will amend the Complaint to invoke this

13  provision. Plaintiff has retained an attorney for the prosecution of this action. As a result, Plaintiff is

14  entitled to her reasonable attorneys' fees and costs herein incurred.

15      78.    Pursuant to California Labor Code §§98.6 and 2699, Plaintiff is entitled to

16  reinstatement and reimbursement for all lost wages and benefits caused by the acts of Defendant,

17  Employer.

18                    **REQUEST FOR JURY TRIAL**

19      Plaintiff, ELENA AVILA, hereby requests a trial by jury.

20      **WHEREFORE**, the Plaintiff prays as follows:

21      1.    For general damages in excess of the jurisdictional minimum of this Court, according

22  to proof;

23      2.    For special damages according to proof;

24      3.    For exemplary punitive damages, according to proof;

25      4.    For interest on the amount of losses incurred in earnings, deferred compensation and

26  other employee benefits at the prevailing rate;

27      6.    For reinstatement to her job with Defendant, Employer;

28      5.    For costs of suit, including reasonable attorneys' fees; and

6.   For such other and further relief as the Court may deem just and proper.

Dated: July 27, 2022                          BRYANT WHITTEN, LLP

_____
SHELLEY G. BRYANT, Attorneys for Plaintiff,
ELENA AVILA

EXHIBIT "A"



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

July 8, 2022

Elena Avila
8050 N Palm Ave, Ste 210
Fresno, CA 93711

RE:    **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202207-17520807
Right to Sue: Avila / ARBOR LODGING PARTNERS, LLC, doing business as
Piccadilly Inn (Fresno Airport) and Blue Hospitality

Dear Elena Avila:

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective July 7,
2022 because an immediate right to sue notice was requested

This letter is also your right to sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21, a
small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue.
If mediation is requested, the employee is prohibited from filing a civil action until
mediation is complete. The employee's statute of limitations to file a civil action,
including for all related claims not arising under section 12945.2, is tolled from DFEH's
receipt of a mediation request under section 12945.21 until mediation is complete.  To
request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

Sincerely,

Department of Fair Employment and Housing

# **<u>Exhibit B</u>**

LINDA M. MORONEY (SBN: 172668)
lmoroney@grsm.com
MATTHEW J. WAYNE (SBN: 283897)
mwayne@grsm.com
ZULMA A. MUNOZ (SBN: 325531)
zmunoz@grsm.com
**GORDON REES SCULLY MANSUKHANI, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:  (415) 875-4242
Facsimile:  (415) 986-8054

E-FILED
8/22/2022 8:32 PM
Superior Court of California
County of Fresno
By: Jamie Nelson, Deputy

*Attorneys for Defendant*
ARBOR LODGING PARTNERS, LLC

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF FRESNO**

<table>
<tr><td>

ELENA AVILA,

            Plaintiff,

   vs.

ARBOR LODGING PARTNERS, LLC, a
Illinois limited liability company, and
DOES 1 through 20, inclusive,

        Defendants.

</td><td>

Case No. 22CECG02263

**ANSWER TO COMPLAINT**

Complaint Filed: July 27, 2022

</td></tr>
</table>

Defendant ARBOR LODGING PARTNERS, LLC (hereinafter "Defendant"), hereby answers the Complaint ("Complaint") filed by Plaintiff, ELENA AVILA ("Plaintiff"), as follows:

**<u>GENERAL DENIAL</u>**

Pursuant to California Code of Civil Procedure §431.30(d), Defendant generally and specifically denies each and every allegation contained in Plaintiff's Complaint and each and every alleged cause of action therein, and further denies that Plaintiff is entitled to any of the relief requested, that Defendant committed any wrongful conduct or omission, whether alleged

-1-

ANSWER TO COMPLAINT

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  or otherwise, and that conduct or omissions of Defendant caused any injury or damage to

2  Plaintiff in the sum or manner alleged, or in any other sum or manner, or at all.

### FIRST AFFIRMATIVE DEFENSE

#### (No Cause of Action)

5  1.  For a first, separate and affirmative defense, Defendant alleges that Plaintiff's

6  Complaint, and each and every purported cause of action contained therein, fails to state facts

7  sufficient to constitute a cause of action against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

#### (Failure to Exhaust Administrative Remedies)

10  2.  For a second, separate and affirmative defense, Defendant alleges that the

11  Complaint and each purported cause of action brought therein, including any claims pursuant to

12  California Government Code Section 12900 et seq., the California Fair Employment and

13  Housing Act, are barred by Plaintiff's failure to timely and successfully exhaust her

14  administrative remedies.

### THIRD AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

17  3.  For a third, separate and affirmative defense, Defendant alleges that any damages

18  otherwise recoverable by Plaintiff are barred and/or limited by Plaintiff's failure to exercise

19  reasonable diligence in attempting to mitigate her alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

22  4.  For a fourth, separate and affirmative defense, Defendant alleges that Plaintiff is

23  barred by the doctrine of unclean hands from maintaining this action.

### FIFTH AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

26  5.  For a fifth, separate and affirmative defense, Defendant alleges that Plaintiff's

27  claims are barred in whole or in part by the applicable state and federal statute of limitations.

28  / / /

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-2-
ANSWER TO COMPLAINT

**SIXTH AFFIRMATIVE DEFENSE**

**(Different Allegations in the Administrative Charge)**

6.    For a sixth, separate and affirmative defense, Defendant alleges that Plaintiff's claims under any statute, including California Government Code Section 12900 *et seq*., the California Fair Employment and Housing Act, may not be maintained to the extent they differ or vary from the allegations of an administrative charge filed with the appropriate administrative agency.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Estoppel/Laches)**

7.    For a seventh, separate and affirmative defense, Defendant alleges that Plaintiff is estopped from obtaining the relief sought, or pursuing any of the claims raised or causes of action contained in her Complaint, by virtue of her acts, failures to act, conduct, representations, admissions, and the like.

**EIGHTH AFFIRMATIVE DEFENSE**

**(No Ratification)**

8.    For an eighth, separate and affirmative defense, Defendant alleges that it did not engage in any unlawful conduct towards Plaintiff.  However, if the Court or trier of fact determines that unlawful conduct by any agent or employee of Defendant occurred, such conduct was neither authorized nor ratified by Defendant.

**NINTH AFFIRMATIVE DEFENSE**

**(No Punitive Damages)**

9.    For a ninth, separate and affirmative defense, Defendant alleges that all of Plaintiff's claims fail to state facts sufficient to support an award of punitive damages against Defendant.

**TENTH AFFIRMATIVE DEFENSE**

**(Reasonable Care to Prevent Discrimination)**

10.    For a tenth, separate and affirmative defense, Defendant alleges that Defendant exercised reasonable care to prevent and promptly correct any discriminatory behavior, if any,

and Plaintiff unreasonably failed to take advantage of preventative or corrective mechanisms for reporting and resolving claims, or to otherwise avoid the harm.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Legitimate, Non-Discriminatory Business-Related Reasons)**

11.    For an eleventh, separate and affirmative defense, this answering Defendant alleges that Plaintiff is not entitled to relief because Defendant's  alleged conduct of which Plaintiff complains, if committed, was at all times motivated solely by legitimate, non-discriminatory/ retaliatory, business-related considerations.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Proximate Cause)**

12.    For a twelfth, separate and affirmative defense, Defendant is informed and believes, and thereon alleges, that the acts alleged to have been committed by Defendant were not the cause in fact, proximate cause, or legal cause of any damages complained of in Plaintiff's Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Damages Uncertain)**

13.    For a thirteenth, separate and affirmative defense, Defendant is informed and believes and thereon alleges that any purported damages sustained by Plaintiff, if any, are too uncertain, wholly speculative and not related to, or caused by, any alleged conduct, act or omission by Defendant.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Legitimate Business Necessity)**

14.    For a fourteenth, separate and affirmative defense, Defendant asserts that all actions were reasonable in response to a legitimate business necessity and made in accordance with all applicable state and federal laws.

/ / /

/ / /

/ / /

1

**FIFTEENTH AFFIRMATIVE DEFENSE**

2

**(Other Cause of Emotional Distress)**

3        15.     For a fifteenth, separate and affirmative defense, Defendant alleges that to the

4    extent Plaintiff has suffered any symptoms of mental or emotional distress or injury, such

5    symptoms are the result of an alternative concurrent cause or a preexisting psychological or

6    physical disorder, and not the result of any act or omission of Defendant.

7

**SIXTEENTH AFFIRMATIVE DEFENSE**

8

**(Reasonable Conduct)**

9        16.     For a sixteenth, separate and affirmative defense, Defendant alleges that its

10   conduct with respect to Plaintiff was reasonable, in good faith, based upon good cause, and for

11   a lawful purpose, and this answering Defendant's conduct was in compliance with applicable

12   law.  Accordingly, Defendant alleges that each and every cause of action contained in the

13   Complaint is barred.

14

**SEVENTEENTH AFFIRMATIVE DEFENSE**

15

**(No Adverse Action)**

16       17.     For a seventeenth, separate and affirmative defense, Defendant alleges that

17   Plaintiff's claims fail because she never suffered any adverse employment action by Defendant.

18

**EIGHTEENTH AFFIRMATIVE DEFENSE**

19

**(After Acquired Evidence)**

20       18.     For an eighteenth, separate and distinct affirmative defense, Defendant alleges that

21   Plaintiff's damages are barred in whole or in part by the doctrine of after acquired evidence.

22

**NINETEENTH AFFIRMATIVE DEFENSE**

23

**(Waiver)**

24       19.     For a nineteenth, separate and affirmative defense, Defendant alleges that the

25   Complaint is barred by the doctrine of waiver.

26   / / /

27   / / /

28   / / /

*Gordon Rees Scully Mansukhani, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

-5-

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### TWENTIETH AFFIRMATIVE DEFENSE

**(Conduct of Others)**

20.     For a twentieth, separate and affirmative defense, Defendant alleges that should Plaintiff recover damages against any defendant, Defendant is entitled to have the amount abated, reduced or eliminated to the extent other third parties' fault caused or contributed to Plaintiff's damages, if any.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Worker's Compensation)**

21.     For a twenty-first, separate and affirmative defense, Defendant alleges that Plaintiff's Complaint is barred by the Worker's Compensation Act, which is the sole and exclusive remedy for some or all of Plaintiff's alleged injuries or damages.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

**(Avoidable Consequences)**

22.     For a twenty-second, separate and affirmative defense, Defendant alleges that the damages alleged by Plaintiff are barred by the doctrine of avoidable consequences.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

**(Additional Defenses)**

23.     For a twenty-third, separate and affirmative defense, Defendant alleges that it presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  This answering Defendant reserves its rights to assert additional affirmative defenses in the event discovery indicates that such additional defenses would be appropriate.

### PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.     That this action be dismissed in its entirety, with prejudice;

2.     That judgment be entered in favor of Defendant and against Plaintiff;

3.     That Defendant be awarded its costs of suit and attorneys' fees incurred herein; and

1   Here, ALP's citizenship is determined by the citizenship of the corporation that owns it and

2   ALP is incorporated in Illinois.

3        7.    Removal to the United States District Court for the Eastern District of California

4   is appropriate because the removed state court action was filed in the Superior Court of

5   California, County of Fresno.

6        8.    Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal, without

7   exhibits, will be promptly served on Plaintiff's counsel.

8        9.    A copy of this Notice of Removal, without exhibits, will also be filed with the

9   Clerk of the Superior Court of California, County of Fresno.

10

11   Dated:  August 29, 2022              GORDON REES SCULLY MANSUKHANI, LLP

12

13                                By:  _____

14                                     LINDA M. MORONEY
                                       MATTHEW J. WAYNE
15                                     ZULMA A. MUNOZ
                                       *Attorneys for Defendant*
16                                     ARBOR LODGING PARTNERS, LLC

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon Rees Scully Mansukhani, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

NOTICE OF REMOVAL OF ACTION BY DEFENDANTS UNDER 28 U.S.C. § 1441(B)