**SHELLEY G. BRYANT - #222925**
**BRYANT WHITTEN, LLP**
8050 North Palm Avenue, Suite 210
Fresno, California 93711
(559) 494-4910 Telephone
(559) 421-0369 Facsimile
Email: shelley@bwlaw.com

Attorneys for Plaintiff, ELENA AVILA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENA AVILA,<br><br>   Plaintiff,<br><br>vs.<br><br>ARBOR LODGING PARTNERS, LLC, a Illinois limited liability company, and Does 1 through 20, inclusive,<br><br>   Defendants. | Case No. 1:22-CV-01099-SKO<br><br>**FIRST AMENDED COMPLAINT FOR SEX (PREGNANCY) DISCRIMINATION, SEX HARASSMENT, RETALIATION, FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT, VIOLATION OF GOVERNMENT CODE §12945 AND 2 C.C.R. §11039, WRONGFUL CONSTRUCTIVE TERMINATION IN VIOLATION OF PUBLIC POLICY, MISSED REST PERIODS, UNPAID WAGES, PUNITIVE DAMAGES AND ATTORNEYS' FEES**<br><br>**REQUEST FOR JURY TRIAL** |

COMES NOW, Plaintiff, ELENA AVILA, and alleges as follows:

**GENERAL ALLEGATIONS**

1.   Plaintiff, ELENA AVILA (hereinafter referred to as "Plaintiff"), is an adult female residing in Fresno County, California, and was an employee of Defendant, ARBOR LODGING PARTNERS, LLC, doing business as Piccadilly Inn (Fresno Airport) and Blue Hospitality, commencing employment on or about November 26, 2021, until on or about June 11, 2022, when she was wrongfully constructively discharged.

2.   Defendant, ARBOR LODGING PARTNERS, LLC, doing business as Piccadilly Inn (Fresno Airport) and Blue Hospitality (hereinafter referred to as "Employer"), is a Illinois limited

liability company doing business in Fresno County, California.

3. The true names and capacities of the defendants named herein as Does 1 through 20, inclusive, whether individual, corporate, associate or otherwise, are unknown to the Plaintiff who, therefore, sues such defendants by fictitious names pursuant to California Code of Civil Procedure §474. Plaintiff is informed and believes, and on that basis alleges that each defendant sued under such fictitious name is in some manner responsible for the wrongs and the damages as alleged below, and in so acting was functioning as the owner, shareholder, agent, servant, partner, joint venturer, alter-ego, employee, proxy, managing agent, and principal of the co-defendants, and in doing the actions mentioned below was acting, at least in part, within the course and scope of their authority as such agent, servant, proxy, partner, joint venturer, employee, alter-ego, managing agent, and principal with the permission and consent of the co-defendants.

4. Plaintiff is informed and believes, and thereupon alleges, that each of the defendants sued herein was, at all times relevant hereto, the employer, owner, shareholder, principal, joint venturer, proxy, agent, employee, supervisor, representative, manager, managing agent, joint employer and/or alter-ego of the remaining defendants, and was acting, at least in part, within the course and scope of such employment and agency, with the express and implied permission, consent and knowledge, approval and/or ratification of the other defendants. The above co-defendants and managing agents and supervisors aided, abetted, condoned, permitted, wilfully ignored, approved, authorized and/or ratified the unlawful acts described herein.

5. Venue is proper in Fresno county because: (1) the employment relationship between Plaintiff and Defendant, Employer, arose and was performed here; (2) the injuries alleged herein occurred here; (3) the unlawful discriminatory practices alleged were committed here; (4) the records relevant to the unlawful discriminatory practices were maintained and administered here; and (5) Plaintiff would have worked here but for the alleged unlawful discriminatory practices. This court is the proper court because the amount at issue exceeds the jurisdictional minimum of this court.

6. At all times herein, Plaintiff was duly qualified and did perform her employment duties in a satisfactory manner. Plaintiff performed and was willing to continue to perform all duties and responsibilities on her part to be performed, which duties and responsibilities were part of the

employment relationship between Defendant, Employer, and Plaintiff.

7. Plaintiff was at all times an employee covered by Government Code §12940 prohibiting discrimination in employment on the basis of gender and pregnancy and was therefore a member of the group sought to be protected by this statute.

8. Defendant, Employer, was an employer within the meaning of the California Government Code §12926(d) and, as such, was and is barred from unlawfully discriminating in employment decisions including retaliating against an employee on the bases set forth in Government Code §§12920 et seq.

9. As an employee of Defendant, Employer, Plaintiff was entitled to all of the benefits provided by Employer's personnel policies, procedures and practices, and, as well, those confirmed in the by-laws governing said organization.

10. Plaintiff was employed by Defendant, Employer, as a Front Desk Agent. She performed her job duties satisfactorily and was not subject to discipline based on her job performance. Plaintiff told her supervisor about her pregnancy and the need for additional restroom breaks, sitting and routine pregnancy accommodations.

11. Plaintiff was subjected to inappropriate and offensive conduct of a sexual nature by the night security guard at work. She complained to General Manager Stephanie Logan, but nothing was done.

11. In January 2022, Plaintiff exercised her right to pregnancy disability leave. She was off work for approximately 6 weeks and delivered a healthy baby. GM Logan was aware of this protected activity.

12. In March 2022, Plaintiff was ready to return to work but GM Logan refused to reinstate her to the same position, or even a comparable position as required by law. (Cal. Code Regs., tit. 2, § 11043.)

13. Plaintiff complained to GM Logan about the refusal to reinstate her to the same position. GM Logan and Defendant, Employer, failed to investigate or take any corrective action. As a result of this unlawful conduct, Plaintiff has suffered lost wages and emotional distress.

///

14. After Plaintiff complained, GM Logan subjected her to adverse treatment. The protected activity was a motivating reason for the treatment.

15. In late May 2022, Plaintiff complained to GM Logan again about inappropriate and offensive conduct of a sexual nature by the night security guard at work. GM Logan got angry at Plaintiff but still did nothing. Plaintiff got contacted Human Resources and was ordered to participate in a phone conference with GM Logan and HR Director Nancy De Los Santos. During the call, Plaintiff told HR Dir. De Los Santos that GM Logan failed to take action on her harassment complaint. HR Dir. De Los Santos defended the failure to take action and GM Logan retaliated by immediately attacking Plaintiff verbally. GM Logan started yelling at Plaintiff who complained about this to HR Dir. De Los Santos and GM Logan. HR Dir. De Los Santos did nothing and allowed it to continue. They said things to Plaintiff to make her feel bad for complaining. They made it clear that they did not take her complaints seriously and no investigation would be done by an unbiased professional. Plaintiff was completely shocked and distressed by the verbal attack on her by GM Logan and HR Dir. De Los Santos' failure to stop it.

16. Under these circumstances, Plaintiff was subjected to working conditions that violated public policy. The process for complaining about harassment, discrimination and retaliation was not helpful and just made matter worse. Plaintiff feared termination, further attack and continued harassment and retaliation if she continued working. She did not expect that the complaint process would change or improve her working conditions. GM Logan and HR Dir. De Los Santos intentionally created or knowingly permitted these working conditions that were intolerable. A reasonable person in Plaintiff's position would have no choice except to resign. Plaintiff resigned because of these conditions and her resignation made GM Logan and HR Dir. De Los Santos stop their attack and Plaintiff left the area right away.

17. The conduct of Defendant, Employer, violated the Fair Employment and Housing Act. Plaintiff filed a charge of discrimination with the Department of Fair Employment and Housing ("DFEH") against Defendant, Employer, complaining of the acts of discrimination as alleged therein. Plaintiff received a "Right to Sue Letter" from the DFEH dated July 8, 2022, a true and correct copy of which is attached hereto as **Exhibit "A"** and incorporated by reference. Plaintiff has complied with

all prerequisites to jurisdiction of this Court under California Government Code §§12900, et seq., and has, therefore, exhausted her administrative remedies.

18. As a direct and proximate result of Defendant's acts of discrimination, Plaintiff has suffered and continues to suffer substantial economic losses and interest thereon, in earnings and other employment benefits which Plaintiff would have received. She has suffered and continues to suffer both physical and non-physical injuries, including severe emotional distress, humiliation, embarrassment and mental anguish all to her damage in an amount according to proof.

19. In doing the acts and/or failing to do the acts alleged herein above, Defendant engaged in discriminatory acts and conduct with malice towards Plaintiff and/or a reckless indifference to her statutorily protected rights and in conscious disregard of the rights, both statutory and common law, guaranteed Plaintiff by the State of California. As such, Defendant is guilty of oppression and malice for which Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

20. Code of Civil Procedure §1021 provides that attorneys' fees are recoverable in an action for which they are specifically provided by statute. Government Code §12965(b) provides that reasonable attorneys' fees and costs are recoverable herein by the prevailing party, within the discretion of the Court. Plaintiff has retained an attorney for the prosecution of this action. As a result, Plaintiff is entitled to her reasonable attorneys' fees and costs herein incurred.

**FIRST CAUSE OF ACTION**
**Discrimination and Harassment on the Basis of Sex**
**And Retaliation In Violation of Government Code §12940**

21. The allegations of paragraphs 1 through 20 are re-alleged and incorporated herein by reference.

22. California Government Code §12940 provides in pertinent part as follows:

"It shall be an unlawful employment practice . . .

(a) For an employer, because of the . . . sex . . . of any person . . . to discriminate against the person in compensation or in terms, conditions or privileges of employment.

California Government Code §12926 provides in pertinent part as follows:

"(p) 'Sex' includes, but is not limited to, pregnancy ...."

23. Plaintiff was subjected to sex harassment by a coworker. Plaintiff complained about this to her manager and HR. Defendant, Employer, discriminated against Plaintiff on the basis of her sex and her pregnancy. GM Logan and HR Dir. De Los Santos intentionally created or knowingly permitted intolerable working conditions that violated public policy by, among other things, failing to take corrective action upon learning o the harassment and constructively terminating Plaintiff's employment. A reasonable person in Plaintiff's position would have no choice except to resign. Plaintiff resigned because of these conditions and her resignation made GM Logan and HR Dir. De Los Santos stop their attack on Plaintiff who left the area right away.

24. As a direct and proximate result of Defendant's acts of discrimination, Plaintiff has suffered and continues to suffer substantial economic losses and interest thereon, in earnings and other employment benefits which Plaintiff would have received. She has suffered and continues to suffer both physical and non-physical injuries, including severe emotional distress, humiliation, embarrassment and mental anguish all to her damage in an amount according to proof.

25. In doing the acts and/or failing to do the acts alleged herein above, Defendant engaged in discriminatory acts and conduct with malice towards Plaintiff and/or a reckless indifference to her statutorily protected rights and in conscious disregard of the rights, both statutory and common law, guaranteed Plaintiff by the State of California. As such, Defendant is guilty of oppression and malice for which Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

26. Code of Civil Procedure §1021 provides that attorneys' fees are recoverable in an action for which they are specifically provided by statute. Government Code §12965(b) provides that reasonable attorneys' fees and costs are recoverable herein by the prevailing party, within the discretion of the Court. Plaintiff has retained an attorney for the prosecution of this action. As a result, Plaintiff is entitled to her reasonable attorneys' fees and costs herein incurred.

## SECOND CAUSE OF ACTION
### Failure to Prevent Discrimination and Discrimination Based on Sex (Pregnancy) in Violation of Government Code §12940

27. The allegations of paragraphs 1 through 26 are re-alleged and incorporated herein by reference.

28. The California Government Code provides at Section 12940, in pertinent part:

> "It shall be an unlawful employment practice . . . (a) For an employer, because of the... sex… of any person . . . to discharge the person from employment... or to discriminate against the person in compensation or in terms, conditions or privileges or employment. . . . [¶] . . . (k) For an employer . . . to fail to take all reasonable steps necessary to prevent discrimination ... from occurring."

29. Defendant, Employer, discriminated against Plaintiff because of her pregnancy which they believed would cause her to take pregnancy disability leave for the birth of her child.

30. The behavior, conduct and comments by Defendant, Employer, and its agents, representatives, and employees, created a work environment that was intimidating, hostile, oppressive and offensive to Plaintiff such that she was deprived of the benefit of a discrimination-free work environment, all in violation of California Government Code §§12900, et seq. Such conduct included, but was not limited to, terminating Plaintiff's employment.

31. Defendant, Employer, who should have known about the discriminatory conduct of its agents, failed to prevent discrimination and failed to halt the offending conduct.

32. As a direct and proximate result of Defendant's acts of discrimination, Plaintiff has suffered and continues to suffer substantial economic losses and interest thereon, in earnings and other employment benefits which Plaintiff would have received. She has suffered and continues to suffer both physical and non-physical injuries, including severe emotional distress, humiliation, embarrassment and mental anguish all to her damage in an amount according to proof.

33. In doing the acts and/or failing to do the acts alleged herein above, Defendant engaged in discriminatory acts and conduct with malice towards Plaintiff and/or a reckless indifference to her statutorily protected rights and in conscious disregard of the rights, both statutory and common law, guaranteed Plaintiff by the State of California. As such, Defendant is guilty of oppression and malice for which Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

34. Code of Civil Procedure §1021 provides that attorneys' fees are recoverable in an action for which they are specifically provided by statute. Government Code §12965(b) provides that reasonable attorneys' fees and costs are recoverable herein by the prevailing party, within the discretion of the Court. Plaintiff has retained an attorney for the prosecution of this action. As a

result, Plaintiff is entitled to her reasonable attorneys' fees and costs herein incurred.

## THIRD CAUSE OF ACTION
## Violation of Government Code §12945 and 2 C.C.R. §11039 and 11094

36. The allegations of paragraphs 1 through 34 are re-alleged and incorporated herein by reference.

36. California Government Code §12945(a) provides in pertinent part as follows:

"[T]he following shall be an unlawful employment practice . . .:

(1) For an employer to refuse to allow an employee disabled by pregnancy [or] childbirth... to take leave for a reasonable period of time...."

The California Administrative Code, Title 2, §11094 states, in part:

"In addition to the retaliation prohibited by Government Code section 12940 and section 11021 of the [California Code of] regulations, it shall be an unlawful employment practice for any person to discharge, fine, suspend, expel, punish, refuse to hire, or otherwise discriminate against any individual . . . because that individual has ... (a) exercised his or her right to CFRA leave . . . ."

37. The California Administrative Code, Title 2, §11039(a) states, in part:

"(1) [I]t is unlawful for any employer to . . . deny, interfere with, or restrain an employee's rights to reasonable accommodation... including retaliation against the employee because she has exercised her right ... to take pregnancy disability leave."

38. Defendant, Employer, constructively discharged Plaintiff from her employment because she exercised her right to take pregnancy leave.

39. As a direct and proximate result of the Defendant's acts of retaliation, Plaintiff has suffered and continues to suffer substantial economic losses and interest thereon, in earnings and other employment benefits which Plaintiff would have received. She has suffered and continues to suffer both physical and non-physical injuries, including severe emotional distress, humiliation, embarrassment and mental anguish all to her damage in an amount according to proof. Plaintiff is also entitled to her reasonable attorneys' fees and costs herein incurred.

/ / /

/ / /

**FOURTH CAUSE OF ACTION**
**Failure to Reinstate After Pregnancy-Related Medical Leave**
**in Violation of Government Code §12945.2(a) and 2 C.C.R. §11043**

40. The allegations of paragraphs 1 through 39 are re-alleged and incorporated herein by reference.

41. The California Government Code provides at Section 12945.2(a), in pertinent part:

> "[I]t shall be an unlawful employment practice for any employer... to refuse to grant a request by any employee with more than 12 months of service with the employer, and who has at least 1,250 hours of service with the employer during the previous 12-month period, to take up to a total of 12 workweeks in any 12-month period for family care and medical leave. Family care and medical leave requested pursuant to this subdivision shall not be deemed to have been granted unless the employer provides the employee...a guarantee of employment in the same or comparable position upon termination of the leave."

42. The California Code of Regulations provides at Title 2, Section 11043, that it is unlawful for an employer to refuse to reinstate an employee who has exercised her right to take pregnancy disability leave to the same or comparable position when she returns from leave.

43. Plaintiff took leave due to pregnancy and childbirth which was approved by Defendant, Employer. Defendant, Employer, refused to reinstate Plaintiff to the same or comparable position when she returned from leave.

44. As a direct and proximate result of Defendant's acts of discrimination, Plaintiff has suffered and continues to suffer substantial economic losses and interest thereon, in earnings and other employment benefits which Plaintiff would have received. She has suffered and continues to suffer both physical and non-physical injuries, including severe emotional distress, humiliation, embarrassment and mental anguish all to her damage in an amount according to proof.

45. In doing the acts and/or failing to do the acts alleged herein above, Defendant engaged in discriminatory acts and conduct with malice towards Plaintiff and/or a reckless indifference to her statutorily protected rights and in conscious disregard of the rights, both statutory and common law guaranteed Plaintiff by the State of California. As such, Defendant is guilty of oppression and malice for which Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

46. Code of Civil Procedure §1021 provides that attorneys' fees are recoverable in an action for which they are specifically provided by statute. Government Code §12965 provides that

reasonable attorneys' fees and costs are recoverable herein by the prevailing party, within the discretion of the court. Plaintiff has retained an attorney for the prosecution of this action. As a result, Plaintiff is entitled to his reasonable attorneys' fees and costs herein incurred.

## FIFTH CAUSE OF ACTION
### Retaliation in Violation of Labor Code §§233 and 246.5

47. The allegations of paragraphs 1 through 46 are re-alleged and incorporated herein by reference.

48. Labor Code §§233 and 246.5 prohibit employers such as Defendant, Employer, from discharging, discriminating against or retaliating against an employee for using sick leave to attend to her own illness. Plaintiff asked for and took time off work to care for her own pregnancy-related illness.

49. Defendant, Employer, retaliated against Plaintiff for requesting and taking time off work due to her illness by subjecting her to adverse treatment and action, and constructively terminating her employment.

50. Plaintiff suffered physical, emotional and economic harm, which was proximately caused by Defendant's wrongful conduct.

51. In doing the acts and/or failing to do the acts alleged herein above, Defendant engaged in retaliatory acts and conduct with malice towards Plaintiff and/or a reckless indifference to her statutorily protected rights and in conscious disregard of the rights, both statutory and common law, guaranteed Plaintiff by the State of California. As such, Defendant is guilty of oppression and malice for which Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

52. Code of Civil Procedure §1021 provides that attorneys' fees are recoverable in an action for which they are specifically provided by statute. Labor Code §2699 provides that, in addition to penalties, reasonable attorneys' fees and costs are recoverable herein by the prevailing party, within the discretion of the Court. Plaintiff has retained an attorney for the prosecution of this action. As a result, Plaintiff is entitled to her reasonable attorneys' fees and costs herein incurred.

///

///

## SIXTH CAUSE OF ACTION
### Wrongful Termination in Violation of Public Policy

53. The allegations of paragraphs 1 through 52 are re-alleged and incorporated herein by reference.

54. At all times mentioned in this Complaint, the California Fair Employment and Housing Act and California Administrative Code, Title 2, §11039 were in full force and effect and were binding on Defendant, Employer. These statutes required Defendant, Employer, to refrain from discriminating against an employee or discharging an employee on the basis of sex (pregnancy) or for taking pregnancy disability leave.

55. Plaintiff is informed and believes that Defendant, Employer, discharged her because she was pregnant and because they believed that she would request and take time off work for the birth of her child.

56. As a direct and proximate result of Defendant's wrongful termination of Plaintiff's employment, she has sustained, and continues to sustain, substantial losses of earnings, and other employment benefits.

57. As a direct and proximate result of Defendant's wilful, knowing, and intentional discrimination against Plaintiff, she has suffered, and continues to suffer, humiliation, emotional distress, mental and physical pain and anguish, and the manifestations thereof, all to her damage in an amount to be proven at trial.

58. Plaintiff has incurred, and continues to incur, legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of these expenses and fees, and prays leave of Court to amend this Complaint when the amounts are more fully known.

## SEVENTH CAUSE OF ACTION
### Failure to Pay Overtime and Missed /Rest Period Penalties
### In Violation of Labor Code §§201, 510 and IWC Wage Order No. 5-2001

59. The allegations of paragraphs 1 through 58 are re-alleged and incorporated herein by reference.

60. Industrial Welfare Commission ("IWC") Wage Order No. 5-2001 applied to Plaintiff at all times relevant herein. IWC Wage Order No. 5-2001 requires employers such as Defendant,

Employer, to provide workers such as Plaintiff with an opportunity to take uninterrupted rest and meal periods in the middle of each work period. The authorized rest period time was supposed to be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four(4) hours or major fraction thereof. If Defendant, Employer, failed to provide employees a rest period in accordance with the applicable provisions of law, the employer must pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

61. Plaintiff was not provided with the opportunity to take uninterrupted rest periods and she was not paid for missed rest periods.

62. By failing to pay Plaintiff for missed rest periods, Defendant, Employer, violated IWC Wage Order No. 5-2001 and Labor Code §510. Defendant, Employer, owes Plaintiff damages for lost wages in an amount to be determined according to proof. Plaintiff is also entitled to an award of costs and reasonable attorneys' fees.

63. Code of Civil Procedure §1021 provides that attorneys' fees are recoverable in an action for which they are specifically provided by statute. Labor Code §2699 provides that, in addition to penalties, reasonable attorneys' fees and costs are recoverable herein by the prevailing party, within the discretion of the Court. Plaintiff has retained an attorney for the prosecution of this action. As a result, Plaintiff is entitled to her reasonable attorneys' fees and costs herein incurred.

## EIGHTH CAUSE OF ACTION
**Failure to Maintain and Provide Accurate Itemized Wage Statements in Violation of Labor Code §226**

64. The allegations of paragraphs 1 through 63 are re-alleged and incorporated herein by reference.

65. Pursuant to Labor Code §§226 and 1174, employers, including Defendant, Employer,, are required to keep written daily records of each employee's hours of work and to maintain such records for at least three (3) years; and to provide to each employee with periodic wage statements in writing setting forth, among other things: 1) the dates of labor for which payment of wages is made, 2) the total hours of work for the pay period; 3) the payment of a wage premium for breaks and meal periods not taken; 4) the gross and net wages paid, all deductions from those wages; and 5) the name and address of the employer.

66. Defendant, Employer, knowingly and intentionally failed to provide Plaintiff with accurate itemized wage statements in writing showing all the hours worked in the pay period and the amount of premium pay due, including premium pay for missed rest periods.

67. As a result of Defendant's knowing failure to comply with Labor Code §226(a), pursuant to Labor Code §226(e), Plaintiff is entitled to recover the greater of all actual damages or fifty dollars ($50) per employee for the initial pay periods in which a violation occurred, and one hundred dollars ($100) per employee for each violation in each subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000) per employee, and is entitled to an award of costs and reasonable attorneys' fees.

## NINTH CAUSE OF ACTION
### Waiting Time Penalties Pursuant to Labor Code §203

68. The allegations of paragraphs 1 through 67 are re-alleged and incorporated herein by reference.

69. Pursuant to California Labor Code §201, Defendant, Employer, was required to pay all the wages due to Plaintiff immediately upon termination.

70. When Plaintiff was terminated Defendant, Employer, failed to pay her all the wages due to her, including missed rest periods.

71. Pursuant to Labor Code §203, Plaintiff is entitled to waiting time penalties and civil penalties in an amount to be determined according to proof.

## TENTH CAUSE OF ACTION
### Retaliation in Violation of Labor Code §98.6

72. The allegations of paragraphs 1 through 72 are re-alleged and incorporated herein by reference.

73. California Labor Code §98.6 prohibits employers such as Defendant, Employer, from discriminating and retaliating against employees such as Plaintiff who complain about an employer that disregards employees' rights under the Labor Code.

74. Plaintiff complained to Defendant, Employer, about the violations and failure to abide by the Labor Code regarding rest periods. In retaliation, Defendant, Employer, terminated Plaintiff's

1 employment.

2   75.   Plaintiff suffered physical, emotional and economic harm, which was proximately caused by Defendant, Employer's wrongful conduct.

4   76.   In doing the acts and/or failing to do the acts alleged herein above, Defendant engaged in retaliatory acts and conduct with malice towards Plaintiff and/or a reckless indifference to her statutorily protected rights and in conscious disregard of the rights, both statutory and common law, guaranteed Plaintiff by the State of California. As such, Defendant is guilty of oppression and malice for which Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

9   77.   California Code of Civil Procedure §1021 provides that attorneys' fees are recoverable in an action for which they are specifically provided by statute. California Labor Code §2699 provides that, in addition to penalties, reasonable attorneys' fees and costs are recoverable herein by the prevailing party, within the discretion of the Court. Plaintiff has retained an attorney for the prosecution of this action. As a result, Plaintiff is entitled to her reasonable attorneys' fees and costs herein incurred.

15   78.   Pursuant to California Labor Code §§98.6 and 2699, Plaintiff is entitled to reinstatement and reimbursement for all lost wages and benefits caused by the acts of Defendant, Employer.

**REQUEST FOR JURY TRIAL**

Plaintiff, ELENA AVILA, hereby requests a trial by jury.

**WHEREFORE**, the Plaintiff prays as follows:

1.   For general damages in excess of the jurisdictional minimum of this Court, according to proof;

2.   For special damages according to proof;

3.   For exemplary punitive damages, according to proof;

4.   For interest on the amount of losses incurred in earnings, deferred compensation and other employee benefits at the prevailing rate;

6.   For reinstatement to her job with Defendant, Employer;

5.   For costs of suit, including reasonable attorneys' fees; and

6. For such other and further relief as the Court may deem just and proper.

Dated: September 6, 2022              BRYANT WHITTEN, LLP

_____
SHELLEY G. BRYANT, Attorneys for Plaintiff,
ELENA AVILA

EXHIBIT "A"

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency  GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**  KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

July 8, 2022

Elena Avila
8050 N Palm Ave, Ste 210
Fresno, CA 93711

RE:  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202207-17520807
Right to Sue: Avila / ARBOR LODGING PARTNERS, LLC, doing business as Piccadilly Inn (Fresno Airport) and Blue Hospitality

Dear Elena Avila:

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective July 7, 2022 because an immediate right to sue notice was requested

This letter is also your right to sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete.  To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency        GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**        KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Sincerely,

Department of Fair Employment and Housing